THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JESSICA NELSON,<br><br>                 Plaintiff,<br><br>vs.<br><br>BETH A. ALLEN, ALLEN2 LAW, LLC and<br>DOES 1 through 5, inclusive,<br><br>              Defendants. | No.  C09-780Z<br><br>ORDER |

This matter comes before the Court on defendants' motion for summary judgment, docket no. 34.  On August 12, 2010, the Court held oral argument on this motion and granted in part and deferred in part the defendants' motion.  The Court previously concluded that plaintiff had failed, as a matter of law, to establish that defendants committed legal malpractice in connection with the underlying case.  The Court, however, deferred ruling on whether plaintiff could base a legal malpractice claim on her prior counsel's failure to pursue an outrage claim.

ORDER - 1

## I.     Background

(A)     <u>Alleged Wrongful Termination</u>

In June 2005, plaintiff was terminated as a police officer for the City of Federal Way for misconduct.  Plaintiff contended that the termination was wrongful and sued the City of Federal Way and other Federal Way employees for wrongful discharge, civil rights violations, and sexual discrimination arising out of the termination. Plaintiff employed defendants who represented plaintiff in that case in this District, <u>Nelson v. City of Federal Way, et al.</u>, C06-1142RSL, (the "underlying case").  A copy of the complaint in the underlying case is attached as Exhibit 3 to Declaration of Beth Allen, docket no. 50.  The claims made in the underlying case were limited to issues of wrongful termination arising from plaintiff's termination in June 2005.  In May 2007, defendant attorneys moved to withdraw as attorneys in the underlying case because of a complete breakdown in communication.  Nelson Decl., docket no. 36 at ¶ 4; Ex. E. On May 22, 2007, defendant attorney Allen also wrote plaintiff a letter indicating that the tort claim notice required by Washington law for tort claims "suffer[ed] from a fatal defect" and that plaintiff might "have a claim against [Allen] for failing to file the notice properly."  <u>Id.</u> Ex. F.  Defendants' motion to withdraw was ultimately granted in the underlying case on June 5, 2007.

Defendants in the underlying case moved for summary judgment.  In October, 2007, after plaintiff did not respond to the defendants' motion for summary judgment in the underlying case, the motion was granted and that case was dismissed.

(B)   <u>Bonney Lake Criminal Incident</u>

On July 16, 2005, plaintiff was stopped by a Bonney Lake police officer (Vince Sainati) for speeding.  Sainati Decl., docket no. 49 at ¶¶ 3-4.  As Sainati approached plaintiff's vehicle, he noticed a sticker on the vehicle that indicated police affiliation. <u>Id.</u> at ¶ 4.  Sainati asked Plaintiff if she was a police officer, and she told him she was but that she was terminated and was appealing the termination.  <u>Id.</u>  Sainati asked to see plaintiff's police credentials, and she showed them to him.  <u>Id.</u>  Sainati did not issue a citation to plaintiff.  <u>Id.</u>  at ¶ 5.

Sainati alleges that he was pressured by an official from the Federal Way Police Department to file a report about the incident.  <u>Id.</u> at ¶ 6.  Plaintiff asserts that Sainati wrote the report, which was forwarded to the Bonney Lake prosecutor.  Nelson Decl., docket no. 48 at ¶ 11.

On July 18, 2005, plaintiff was issued a citation by the City of Bonney Lake for criminal impersonation.  <u>Id.</u> at Ex. E.  On September 21, 2005, the charges were dismissed with prejudice.  <u>Id.</u> at Ex. B (hereinafter the "Bonney Lake criminal incident").  Pursuant to the dismissal, plaintiff signed a stipulation regarding the existence of probable cause and she agreed "probable cause existed for all actions of the City [of Bonney Lake] in this cause including but not limited to any arrest, time spent in jail, citation issued, and/or prosecution . . ."  Allen Decl., docket no. 50, Ex. 1 (Stipulation).

After the criminal charges were filed against plaintiff, she claimed emotional distress damages as a result of being falsely accused of the crimes.  However, these claims were never alleged in the underlying case.

(C)     Present Case for Legal Malpractice

The present case for legal malpractice followed the dismissal of the underlying case.  Plaintiff alleged legal malpractice as follows at paragraph 7 of the complaint:

> On or about August 4, 2005 at Portland, Oregon plaintiff retained and employed defendant, Beth Allen and Allen2 Law LLC to represent her in her claim for wrongful discharge, civil rights violations and sexual discrimination against the City of Federal Way and any other City of Federal Way employees who may be responsible for her mistreatment or termination.  Defendant Allen represented to plaintiff she practiced in these areas of law and she enjoyed representing wrongfully discharged persons and discrimination cases. Defendant Allen specifically stated that this was an area of law that she was familiar with.  Had defendant not made such a representation plaintiff would not have hired her.

No facts are alleged in the plaintiff's complaint relating to the Bonney Lake criminal incident.  Rather, discovery in this case has dealt solely with the alleged legal malpractice in the handling of the wrongful termination incident.

## II.     Discussion

After discovery in this case, defendants moved for summary judgment.  This Court concluded, as a matter of law, that plaintiff failed to present a prima facie case and, in the alternative, the City of Federal Way demonstrated a legitimate reason to justify the termination of plaintiff for cause from the police department.

At oral argument, the Court requested supplemental briefing on the issue of whether plaintiff has or can bring a claim of outrage arising out of the Bonney Lake

criminal incident in this case.  The Court has reviewed the supplemental briefing of the parties and concludes that defendants' motion should now be granted in total and all claims should be dismissed.  Plaintiff contends that "Defendants never moved for summary judgment on a claim based on plaintiff's arrest and prosecution for impersonating an officer."  Plaintiff's supplemental brief at 1 (docket no. 47).  This statement is true but not relevant.  Plaintiff never alleged a claim relating to the Bonney Lake criminal incident in the underlying case and never alleged any facts relating to that incident in the present claim for legal malpractice.  Defendants therefore had no reason to earlier move for summary judgment.  Moreover, the Court previously set a deadline of April 28, 2010, for amending the pleadings and that date has long since expired.  Plaintiff's last minute effort to bring a new claim more than 5 years after the events is unavailing.  Even if the plaintiff's outrage claim had been timely brought, the Court finds that the outrage claim lacks merit because the plaintiff signed a stipulation to obtain a dismissal of the criminal charge and expressly agreed and stipulated that there was probable cause for all the actions taken by the City of Bonney Lake.  Beth Allen Decl., docket no. 50 at ¶ 4, Ex. 2.

**CONCLUSION**

Because the plaintiff's outrage claim is untimely and lacks merit, the Court now GRANTS defendants' motion for summary judgment, docket no. 34, and dismisses this case.  The Clerk is directed to enter judgment with prejudice and with costs.

IT IS SO ORDERED.

DATED this 12th day of November, 2010.

Thomas S. Zilly
United States District Judge